IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAK TOWING, INC.,

        Plaintiff,

V.                                                Case No. 12-CV-487 WJ/LFG

DANLAR COLLISION INC.,
DANLAR TOWING LLC,
DANLAR CORPORATION, INC.,
DANLAR TOWING NORTH LLC, and
LARRY KNIPPEL,

        Defendants.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS DANLAR TOWING LLC, DANLAR COPORATION, INC., AND DANLAR TOWING NORTH LLC

THIS MATTER comes before the Court on Defendants Motion to Dismiss Plaintiff's Claims Against Defendants Danlar Towing LLC, Danlar Corporation, Inc., and Danlar Towing North LLC for Failure to State a Claim Upon Which Relief Can Be Granted (**doc. 13**), filed June 13, 2012. For the reasons stated herein, Defendants' motion is not well taken and shall be **DENIED**.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, if true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Plaintiff's Complaint alleges that Defendants Larry Knippel and Danlar Collision Inc. registered the domain "on behalf of" the other three Defendants, and later that the "Defendants" registered the domain.  As Plaintiff has alleged, there are at least two legal theories that could support liability for Danlar Towing LLC, Danlar Corporation, Inc., and Danlar Towing North LLC: (1) if they were authorized licensees of Larry Knippel and Danlar Collision Inc., *see* 15 U.S.C. § 1125(d)(1)(D) ("[A] person shall be liable for using a domain name under [15 U.S.C. § 1125(d)(1)(A)] only if that person is the domain name registrant or that registrant's authorized licensee."), or if Larry Knippel and Danlar Collision Inc. acted as agents for the other three Defendants, in which case Danlar Towing LLC, Danlar Corporation, Inc., and Danlar Towing North LLC would potentially be liable under principles of agency law.  *See Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126–27 (10th Cir. 2003) (applying agency principles to alleged violation of Lanham Act).  Plaintiff need not have articulated a precise legal theory of liability in its Complaint; it is enough that Plaintiff allege involvement of all the Defendants in the registration, and that some legal theory supports liability on the allegations.  *See Flentye v. Kathrein*, 485 F. Supp. 2d 903, 914 (N.D. Ill. 2007) ("[A]t a minimum, Plaintiffs do allege that Defendants as a group registered the domain names at issue, so the Court cannot say that Kathrein could not be considered the registrant or an authorized licensee.").  Therefore, the Court holds that Plaintiff has plead sufficient facts to satisfy the notice pleading requirements.  Accordingly, Defendants' Motion to Dismiss is **DENIED**.

    **SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE