IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

**MAK TOWING, INC.,**

      Plaintiff,

v.                                                                              Case No. 12-CV-487 WJ/LFG

**DANLAR COLLISION INC.,
DANLAR TOWING LLC,
DANLAR CORPORATION, INC.,
DANLAR TOWING NORTH LLC, and
LARRY KNIPPEL,**

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT DUE TO LACK OF SUBJECT MATTER JURISDICTION**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's Claim of Violations of the New Mexico Unfair Practices Act Due to Lack of Subject Matter Jurisdiction (Doc. 27), filed August 3, 2012.  For the reasons stated herein, Defendants' motion is well-taken and will be GRANTED.

**FACTUAL BACKGROUND**

Plaintiff MAK Towing alleges that the Defendants registered the domain names www.maktowing.com, www.maktow, and coronadotowing.com in 2008 (Compl. ¶ ¶ 10-12) and redirected traffic to www.danlar.com, Defendants' website.  Plaintiff sued Defendants for violating the Anticybersquatting Consumer Protection Act (Count I), the Trademark Dilution Act (Count II), the Lanham Act (Count III), and the New Mexico Trademark Act (Count IV). Plaintiff also argues that Defendants violated the New Mexico Unfair Practices Act (Count V),

which is the subject of this motion to dismiss (Doc. 27). Defendants move to dismiss Count V with prejudice because, according to Defendants, Plaintiff does not have standing to sue under the New Mexico Unfair Practices Act.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, if true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## ANALYSIS

In the pending motion to dismiss, Defendants do not challenge Plaintiff's Counts I-IV, but instead argue only that Plaintiff cannot pursue a claim under the New Mexico Unfair Practices Act (UPA) because the UPA is intended to protect consumers, not competitors (Doc. 27). Plaintiff does not allege that it is a consumer in this context; in fact, the crux of the lawsuit is that Plaintiff and Defendants are competitors.

Plaintiff MAK Towing is indisputably not a consumer of Defendants' good or services and instead argues that statute's own language does not require that a plaintiff be a buyer. The statute simply states, "[a]ny person" may bring an action under the UPA. NMSA 1978 § 57-12-10(B). Plaintiff points to a section which makes theft of a shopping cart a violation of the UPA, and Plaintiff argues that the statute cannot be requiring a plaintiff to be a buyer of goods or

services to pursue a claim for a shopping cart theft (Doc. 31 at 2-3). The response brief does not explain how shopping cart theft is analogous to registering internet domain names, nor does the response brief point to any case where a non-consumer was allowed to proceed in court for violations of the UPA.  Furthermore, if a non-consumer plaintiff is aggrieved by property theft, there are more logical statutory rights to pursue than consumer protection legislation.

This Court has recently considered whether a non-consumer can avail itself of the protections of the UPA.  According to *Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 708 F. Supp. 2d 1209, 1256 (D.N.M. 2010), which considered whether a party had standing under the UPA, "the very nature of the legislation at issue, to protect consumers, implies that only a consumer should be able to take advantage of its protections."  The Court concluded that to bring a claim under the UPA, "one must be a buyer of goods or services," and because the plaintiff was not, the claim was dismissed.  *Id.*

In addition to this recent federal court decision, the New Mexico Court of Appeals interpreted the UPA earlier this year and came to the same conclusion regarding standing under the UPA for plaintiffs who are not consumers.  "Consistent with its purpose as consumer protection legislation, the UPA gives standing only to buyers of goods and services." *Hicks v. Eller*, 2012-NMCA-061, ¶ 20, 280 P.3d 304, 309, (citing *Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 2005-NMCA-051 ¶ 17, 137 N.M. 524).  Since the Court concluded that the plaintiff was not a buyer of good and services, it agreed that the trial court did not err in allowing a directed verdict for the defense.

Like the plaintiffs in *Guidance Endodontics* and *Hicks*, Plaintiff lacks standing to sue Defendants under the UPA because Plaintiff is not in the category of entities to be protected by consumer legislation, and therefore does not have any claim for relief through the UPA.  As a

result, Count V, alleged violations of the New Mexico Unfair Practices Act, will be dismissed with prejudice.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE