IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MAK TOWING, INC.,**

       Plaintiff,

v.                                        Case No. 12-CV-487 WJ/LFG

**DANLAR COLLISION INC.,
DANLAR TOWING LLC,
DANLAR CORPORATION, INC.,
DANLAR TOWING NORTH LLC, and
LARRY KNIPPEL,**

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON
<u>PLAINTIFF'S CLAIM FOR VIOLATIONS OF THE TRADEMARK DILUTION ACT</u>**

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment on Plaintiff's Claim for Violations of the Trademark Dilution Act (Doc. 28), filed August 3, 2012. For the reasons stated herein, Defendants' motion is well-taken and will be GRANTED.

**BACKGROUND**

Plaintiff MAK Towing alleges that the Defendants registered the domain names www.maktowing.com, www.maktow, and coronadotowing.com in 2008 (Compl. ¶¶ 10-12) and redirected traffic to www.danlar.com, Defendants' website. Plaintiff sued Defendants for violating the Anticybersquatting Consumer Protection Act (Count I), the Trademark Dilution Act (Count II), the Lanham Act (Count III), and the New Mexico Trademark Act (Count IV) and the New Mexico Unfair Practices Act (Count V). Defendants move to dismiss Count II on summary

judgment because, according to Defendants, Plaintiff cannot satisfy the necessary elements to prove a violation of the Trademark Dilution Act.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be no genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Only factual disputes that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  *Id.* at 248.

## ANALYSIS

Plaintiff sued Defendants for violation of the Trademark Dilution Act, 15 U.S.C. § 1125(c), Count II of Plaintiff's Complaint.  The Act allows for the owner of a famous mark to sue for injunctive relief if another dilutes or blurs the famous mark.  § 1125(c).  While Plaintiff's Complaint ¶¶ 37-39 does not specify what mark is the basis of the claim, it appears that Plaintiff is alleging that www.maktowing.com, www.maktow, and coronadotowing.com are its famous marks.  Statute defines famous marks:

> (A) . . . . a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner. In determining whether a mark possesses the requisite degree of recognition, the court may consider all relevant factors, including the following:
>     (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.

>(ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark.
>(iii) The extent of actual recognition of the mark.
>(iv) Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

§ 1125(c)(2)(A).

Defendants moved for summary judgment on August 3, 2012 (Doc. 28) and argued that Plaintiff's did not satisfy the threshold famous mark requirement. Plaintiff did not file a response and did not request an extension of time to respond. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). More than two months has passed since the response brief was due, and Plaintiff has still not advised the Court with regard to its position. However, rather than granting the motion due to Plaintiff's non-participation in the adversary process, the Court has reviewed the merits of Defendants' motion for summary judgment and concluded that there is not any genuine dispute that Plaintiff has failed to satisfy the requirements of a violation the Trademark Dilution Act and Defendants are entitled to judgment as a matter of law.

There is not any colorable claim by Plaintiff that MAK Towing and the domain names in questions are "widely recognized by the general consuming public of the United States," § 1125(c)(2)(A), or that they are even widely recognized within New Mexico. To determine whether a mark is famous, courts may also consider (1) "the duration, extent and geographic reach of advertising and publicity of the mark. . . ," (2) "amount, volume and geographic extent of sales or goods or services offered under the mark," (3) the "actual recognition of the mark," and (4) whether the mark was registered under the Act more than 100 years ago. Plaintiff has not made any specific allegations in its Complaint or provided any other information to the Court

to suggest that these factors are in dispute or that they could weigh in favor of finding that the internet domains in question are famous marks.  The Court's review of the pleadings did not glean any information to support an argument that the internet addresses constitute famous marks.  Since Plaintiff failed to brief the issue and failed satisfy the threshold requirement that its mark is famous, there is not any need to consider whether Defendants' actions diluted the mark.

Therefore, since there is not any genuine issue in dispute regarding the material facts with respect to a violation of the Trademark Dilution Act, and since Defendants are entitled to summary judgment as a matter of law, Defendants' Motion for Summary Judgment on Plaintiff's Claim for Violations of the Trademark Dilution Act (Doc. 28) is GRANTED.  Count II of Plaintiff's Complaint is dismissed with prejudice.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE