IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MAK TOWING, INC.,**

      Plaintiff,

v.                                                                                  Case No. 12-CV-487 WJ/LFG

**DANLAR COLLISION INC.,**
**DANLAR TOWING LLC,**
**DANLAR CORPORATION, INC.,**
**DANLAR TOWING NORTH LLC, and**
**LARRY KNIPPEL,**

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S**
<u>**CLAIM FOR VIOLATIONS OF THE NEW MEXICO TRADEMARK ACT**</u>

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment on Plaintiff's Claim for Violations of the New Mexico Trademark Act (Doc. 45), filed October 11, 2012.  For the reasons stated herein, Defendants' motion is well-taken and, accordingly, is GRANTED.

BACKGROUND

Plaintiff MAK Towing alleges that the Defendants registered the domain names www.maktowing.com, www.maktow, and coronadotowing.com in 2008 (Compl. ¶¶ 10-12) and redirected traffic to www.danlar.com, Defendants' website.  Plaintiff sued Defendants for violating the Anticybersquatting Consumer Protection Act (Count I), the Trademark Dilution Act (Count II), the Lanham Act (Count III), and the New Mexico Trademark Act (Count IV) and the New Mexico Unfair Practices Act (Count V).  This Court has already dismissed Counts II and V Docs. 47 & 49).  Defendants move to dismiss Count IV on summary judgment because,

according to Defendants, Plaintiff cannot satisfy the necessary elements to prove a violation of the New Mexico Trademark Act.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be no genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Only factual disputes that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  *Id.* at 248.

## ANALYSIS

Plaintiff sued Defendants for violation of the New Mexico Trademark Act, NMSA 1978 § 57-3B-1 et seq., Count IV of Plaintiff's Complaint.  In creating the New Mexico Trademark Act, the Legislature declared,

> The purpose of the Trademark Act is to provide a system of state trademark registration and protection substantially consistent with the federal system of trademark registration and protection under the Trademark Act of 1946, as amended. It is the intent that the construction given the federal act should be examined as persuasive authority for interpreting and construing the Trademark Act.

§ 57-3B-2.  The Court has already dismissed Plaintiff's claim under the federal Trademark Dilution Act (Doc. 49).  To proceed with a claim under the New Mexico trademark dilution statute, Plaintiff's mark must be famous. Courts may consider these factors to determine whether the mark is famous:

> (1) the degree of inherent or acquired distinctiveness of the mark in this state;

> (2) the duration and extent of use of the mark in connection with the goods and services;
> (3) the duration and extent of advertising and publicity of the mark in this state;
> (4) the geographical extent of the trading area in which the mark is used;
> (5) the channels of trade for the goods or services with which the owner's mark is used;
> (6) the degree of recognition of the owner's mark in its trading area and in the other's trading area, and in the channels of trade in this state; and
> (7) the nature and extent of use of the same or similar mark by third parties.

§ 57-3B-15(A).

Plaintiff filed an affidavit by MAK Towing's President, Martha Stahnke (Doc. 48-1). With regard to (1) the degree of inherent or acquired distinctiveness of the mark in this state, Ms. Stahnke does not allege that MAK Towing has any inherent or acquired distinctiveness in the state, except that they are the only company using that name (Doc. 48-1, ¶ 3). The affidavit does not provide any specifics to support a finding of famousness with regard to the statute's first consideration. As for (2) the duration and extent of use of the mark in connection with the goods and services, Ms. Stahnke offers that the name MAK Towing has been the company's mark since March 2005 (Doc. 48-1, ¶ 4), which is her best argument for famousness. For (3) the duration and extent of advertising and publicity of the mark in this state, Ms. Stahnke mentions the mark being advertised on wreckers and other company vehicles, which is seen by customers and the public (Doc. 48-1, ¶ 5 & 6). The affidavit does not provide information about any other advertising or publicity that would cause the mark to be famous. With regard to (4) the geographical extent of the trading area in which the mark is used, Ms. Stahnke does not make any specific allegations about the trading area, except to mention Albuquerque and Bernalillo County (Doc. 48-1, ¶ 7). It appears that the mark is not used statewide. For (5) the channels of trade for the goods or services with which the owner's mark is used, (6) the degree of recognition of the owner's mark in its trading area and in the other's trading area, and in the channels of trade

in this state, and (7) the nature and extent of use of the same or similar mark by third parties, the affidavit is silent, so these three points will be construed against finding famousness. In sum, the supporting affidavit does not respond favorably to the statutory requirements to create any genuine issue of material fact. There is not any colorable claim by Plaintiff that MAK Towing is a famous mark, nor that Plaintiff even considered registering any of its identifiers as famous marks. The Court's review of the pleadings did not glean any information to support an argument that MAK Tow, MAK Towing or MAK Towing, Inc. are famous marks.

Therefore, since there is not any genuine issue in dispute regarding the material facts which are necessary to prove a violation of the New Mexico Trademark Act, Defendants are entitled to summary judgment as a matter of law. Defendants' Motion for Summary Judgment on Plaintiff's Claim for Violations of the New Mexico Trademark Act (Doc. 45) is GRANTED. Count IV of Plaintiff's Complaint is dismissed with prejudice.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE